UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EARL POPE,<br><br>    Petitioner,<br><br>  v.<br><br>ROSEANNE CAMPBELL, warden,<br><br>    Respondent.<br>                                      / | No. C 06-1829 SI (pr)<br><br>**ORDER TO SHOW CAUSE** |

### INTRODUCTION

David Earl Pope, an inmate at Mule Creek State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On initial review, the court determined that the petition might be untimely and invited respondent to file a motion to dismiss for untimeliness or to inform the court the petition was not untimely. Respondent informed the court the petition was not untimely. The petition once again is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

### BACKGROUND

Pope reports in his petition that he was convicted in the Lake County Superior Court of rape and forcible penetration with a foreign object, see Cal. Penal Code § 261(a)(1) and § 289(a)(1). He further reports that he was sentenced on January 18, 2002, to twelve years' imprisonment. He appealed. The California Court of Appeal affirmed the conviction and the California Supreme Court denied the petition for review. Pope also filed unsuccessful state habeas petitions before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition for writ of habeas corpus asserts the following claims: (1) petitioner's right to due process was violated when the state court of appeal refused to decide all issues presented to it, (2) petitioner was denied his right to self-representation, (3) a 1995 agreement with law enforcement agencies barred further prosecution and the refusal to provide records relating to the agreement violated petitioner's rights under Brady v. Maryland, 373 U.S. 83 (1963), (4) the trial court's refusal to appoint counsel who would investigate the case or be ready for trial on time deprived petitioner of various constitutional rights, (5) the trial court's refusal to appoint advisory counsel to assist him violated his right to a fair trial and due process, (6) the refusal to give the requested jury instructions violated due process, (7) ineffective assistance of appellate counsel, and (8) the sentence imposed violated due process because petitioner's sentence was based on facts not submitted to a jury and found true beyond a reasonable doubt. Liberally construed, all these claims are cognizable in a federal habeas proceeding except for Claim 5.

Claim 5 is dismissed because a criminal defendant has no federal constitutional right to advisory counsel or to standby counsel. A criminal defendant can be represented by counsel or he can represent himself, but the law simply does not require that he be allowed to do both. Although the Supreme Court has noted that it may be wise to appoint standby counsel for a defendant who wishes to waive representation by counsel, a defendant has no constitutional right "to represent himself and have access to 'advisory' or 'consultative' counsel at trial." United

2

1  States v. Kienenberger, 13 F.3d 1354, 1356 (9th Cir. 1994). See generally Kane v. Garcia
2  Espitia, 546, U.S. 9 (2005) (Faretta does not clearly establish a right to law library access or any
3  other specific legal aid that must be afforded to a criminal defendant who has chosen to represent
4  himself). The court can appoint standby counsel without denying the right to self-representation.
5  See McKaskle v. Wiggins, 465 U.S. 168, 176 (1984); see also United States v. George, 85 F.3d
6  1433, 1439 (9th Cir. 1996) (appointment of co-counsel or advisory counsel). The fact that a
7  court may appoint standby or advisory counsel does not mean that it must do so. Claim 5 is
8  therefore dismissed.

## CONCLUSION

For the foregoing reasons,

1.  The amended petition states cognizable claims for habeas relief and warrants a response. Claim 5 is dismissed.

2.  The clerk shall serve by certified mail a copy of this order and all other documents in the file upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3.  Respondent must file and serve upon petitioner, on or before **January 19, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.  If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **February 23, 2007**.

IT IS SO ORDERED.

DATED: November 21, 2006

_____
SUSAN ILLSTON
United States District Judge